IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED 2016 MAY 18 PM 3: 37

CLERK, DISTRICT OF TEXAS

BY _____ AD

MAUREEN  L.  ADAIR  and  JOHN HERTENBERGER,

                **Plaintiffs,**

-vs-
                                            **Case No.  A-15-CA-395-SS**

DEUTSCHE  BANK  NATIONAL  TRUST COMPANY f/k/a Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-2,
                **Defendant.**

---

## O R D E R

    BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment [#20], to which Plaintiffs have not filed a response.  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

    This is a lawsuit brought by *pro se* Plaintiffs Muareen L. Adair and John Hertenberger challenging Deutsche Bank National Trust Company's authority to foreclose on real property located at 2524 Spring Lane, Austin, Texas 78703 (the Property).  Plaintiffs took out a home equity loan on the Property in May 2001, executing a Texas Home Security Instrument to secure payment on the Note.

    In March 2014, Plaintiffs began falling behind on their loan payments.  On October 15, 2005, Plaintiffs filed for Chapter 13 bankruptcy.  As part of the proceeding, Plaintiffs brought a breach of



contract claim based on the alleged misapplication of payments in 2003, 2004, and 2006. *See* Mot. Summ. J. [#20-8] Ex. H-1. The bankruptcy court dismissed these claims with prejudice. *See id.* Ex. H-2 at 2. On January 18, 2007, the bankruptcy case was converted from Chapter 13 to Chapter 7, and the Plaintiffs were granted a discharge on April 23, 2007. *See id.* [#20-7] Exs. G, G-2.

Despite the outcome of the Chapter 7 proceedings, Plaintiffs have apparently remained in default since as early as August 7, 2007, when the loan was first accelerated. On October 20, 2010, after failing to reach a modification agreement, JPMorgan Chase, N.A., the mortgage servicer at the time, sent Plaintiffs a notice of default demanding all missed payments since April 1, 2004, as well as late fees. *See id.* [#20-1] Ex. A-2. Plaintiffs failed to cure the default and the loan was again accelerated on April 15, 2011. *See id.* [#20-3] Ex. C-1. On October 7, 2011, the Security Instrument was assigned to Defendant, the current mortgagee of the loan. *See id.* [#20-5] Ex. E (Assignment of Deed of Trust).

On October 30, 2013, Plaintiffs received a new notice of default, threatening to accelerate the loan if Plaintiffs did not submit a payment of $638,544.25. *See id.* [#20-1] Ex. A-4. Having again failed to cure, Plaintiffs received another notice of acceleration on September 26, 2014, informing them that the full balance of the loan—$1,292,627.07—was due. *Id.* [#20-3] Ex. C-2.

On October 30, 2014, Defendant initiated expedited foreclosure proceedings pursuant to Texas Rule 736. *See id.* [#20-6] Ex. F. Rejecting Plaintiffs' argument foreclosure was time-barred, a court entered judgment in favor of Defendant in the Rule 736 action on April 2, 2015. *Id.* Ex. F-2. That same day, Plaintiffs filed their original petition in state court to prevent foreclosure on the Property. *See* Notice Removal [#1-3] Ex. A (Orig. Pet.) ¶¶ 17–23. On May 13, 2015, Defendant removed the case to federal court on the basis of diversity. *See id.* [#1].

On October 30, 2015, Plaintiffs filed their first amended complaint, the presently operative pleading. *See* Am. Compl. [#10]. Plaintiffs (1) seek to quiet title in their name on the grounds Defendant's foreclosure right is time-barred pursuant to Texas Civil Practices and Remedies Code § 16.035 and, alternatively, (2) assert a breach of contract claim based on the alleged misapplication of certain loan payments in 2003, 2004, and 2006. *Id.*

On March 30, 2016, Defendant filed the instant motion for summary judgment, to which Plaintiffs have not responded. *See* Mot. Summ. J. [#20]. The motion is ripe for consideration.

## Analysis

### I.    Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.      Application

As an initial matter, the Court GRANTS Defendant's motion for summary judgment as unopposed because Plaintiffs have failed to timely respond in any manner. *See* Local Rule CV-7(e)(2). Alternatively, the Court briefly addresses the merits of the motion.

First, Plaintiffs assert a claim to quiet title and seek a declaration the home equity loan is void, arguing Defendant's right to foreclose is barred by the four-year statute of limitations set forth in Texas Civil Practices and Remedies Code § 16.035. Plaintiffs claim Defendant's right to foreclose terminated on August 7, 2011, four years after the loan was initially accelerated on August 7, 2007. *See* Am. Compl. [#10] ¶ 18. This theory has no merit. The October 20, 2010 notice of default, which requested payment of less than the full amount due under the accelerated loan, operated to abandon the August 7, 2007 acceleration as a matter of law, "restoring the contract to its original condition, including restoring the note's original maturity date." *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Consequently, the limitations period in § 16.035 ceased running in October 2010, and the holder of the mortgage was no longer under an obligation to foreclose within the original four-year deadline, which would have expired on August 7, 2011. *See, e.g., Leonard v. Ocwen Loan Servicing, LLC*, 616 F. App'x 677, 680 (5th Cir. 2015); *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). This same logic applies to the April 15, 2011 acceleration, which was abandoned when Plaintiffs received the October 13, 2013 notice of default requesting payment of less than the full balance of the loan.

Having abandoned the August 2007 and April 2011 accelerations, the summary judgment evidence establishes Defendant's foreclosure right is not time-barred under § 16.035. Defendant is therefore entitled to summary judgment on Plaintiffs' quiet title claim and accompanying request for declaratory relief. *See Gordon v. West Hous. Trees, Ltd.*, 352 S.W.3d 32, 38 n.1 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("When an action for declaratory relief and a suit to quiet title are based on the same facts and request similar relief, they are both treated as one suit to quiet title.").

Second, Plaintiffs claim Defendant breached the terms of the loan agreement by failing to properly apply certain payments made in 2003, 2004, and 2006, entitling them to an accounting before Defendant is permitted to foreclose as well as reasonable attorneys' fees. *See* Am. Compl. [#10] ¶¶ 28–30. This claim is also without merit, as Plaintiffs have adduced no evidence establishing Defendant or any other mortgage servicer misapplied loan payments between 2003 and 2006. Even if there was such record evidence, each of the alleged breaches occurred at least nine years prior to the filing of this lawsuit and are therefore barred by the four-year limitations period applicable to breach-of-contract claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a); *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 386 (5th Cir. 2007). Alternatively, Plaintiffs' breach of contract claims fail because Texas law prohibits defaulting mortgagors from maintaining an action for breach of contract. Plaintiffs do not allege, nor have they shown, compliance with their contractual obligations under the loan. *See, e.g.*, *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012); *see also Ybarra v. Wells Fargo Bank, N.A.*, 757 F. App'x 471, 474 (5th Cir. 2014). Consequently, summary judgment is due to be granted in favor of Defendant and Plaintiffs are not entitled to an accounting or attorneys' fees.[1]

### Conclusion

Plaintiffs have failed to respond to Defendant's motion for summary judgment and have not come forward with any competent summary judgment evidence of the existence of a genuine fact issue. Plaintiffs have failed to establish they are entitled to any relief in law or equity, and Defendant is therefore entitled to summary judgment on each of Plaintiffs' claims.

---

[1] Having determined Defendant is entitled to summary judgment on this basis, the Court need not reach the remaining arguments in support of Defendant's position.

Accordingly,

IT IS ORDERED that Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment [#20] is GRANTED.

SIGNED this the _18_<sup>th</sup> day of May 2016.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE